**SO ORDERED.**

**SIGNED this 09 day of July, 2012.**



_____
**Stephani W. Humrickhouse
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

| | |
|---|---|
| **IN RE:** | **CASE NO.** |
| **DAL-JONES INVESTMENTS, LLC** | **11-05971-8-SWH** |
| **DEBTOR** | |

**ORDER ALLOWING DEBTOR'S MOTION
TO RESCIND SMALL BUSINESS DESIGNATION**

Before the court is the motion to rescind the small business designation filed by the debtor on May 15, 2012. A telephonic status conference was held on May 29, 2012. For the reasons set forth below, the motion to rescind the small business designation will be allowed.

**BACKGROUND**

Dal-Jones Investments, LLC filed an accelerated chapter 11 petition on August 4, 2011. The debtor's business activities consist of the ownership and development of 112 acres of real property located at 1055 Cheshire Road, Rocky Point, NC ("the Property"). The debtor checked the small business designation box on the petition, but filed incomplete schedules which listed the total amount of unsecured debt as "unknown." The debtor filed the remaining schedules on August 31, 2011, which indicated the secured and unsecured claims totaled $2,649,421.73.

The debtor filed its plan of reorganization on December 9, 2011 and a confirmation hearing was set for January 19, 2012. The debtor moved to continue the hearing three times during the months that followed, and the bankruptcy administrator and primary secured creditor, SunTrust, consented to the continuances. On March 16, 2012, the debtor filed an amendment to its petition to reflect that it no longer claimed status as a small business debtor.

On May 15, 2012, the debtor filed both a Motion To Rescind Small Business Designation and a Conditional Motion To Dismiss.[1] The debtor stated that it had determined that it did not qualify as a small business debtor under § 101(51D), and further that if the designation was not rescinded or if its plan could not be confirmed, it would seek dismissal. The debtor also related that SunTrust had agreed to the sale of the debtor's loan to a third party, Long Creek Properties, LLC ("Long Creek"), and that the debtor and Long Creek had agreed the debtor would surrender the Property in full satisfaction of the loan and in exchange for full release of guarantors.

On May 23, 2012, the debtor filed a fourth motion to continue the confirmation hearing, and requested a status conference. In the motion, the debtor stated that the sale between SunTrust and Long Creek had fallen through and that a continuance was necessary to afford more time in which a proposed new buyer and SunTrust could negotiate a sale of the loan.

The court held a status conference on May 29, 2012, to consider the motion to continue in light of the debtor's other pending motions. SunTrust did not appear at the conference or file a response to any of the debtor's motions, and the bankruptcy administrator did not object to the continuance or to rescission of the small business designation. The court, *sua sponte*, raised the

---

[1]The conditional motion to dismiss was withdrawn by the debtor on June 13, 2012, and requires no further attention from the court.

question of whether, in light of the timing of the motion to rescind the small business designation, the 45-day requirement to confirm a plan per 11 U.S.C. § 1129(e) already had expired, thus mandating dismissal. The court conditionally allowed the motion to continue and set the new confirmation hearing for August 9, 2012, and took under advisement the question of whether the small business designation should be rescinded, or the case dismissed.

## DISCUSSION

At the outset, the court agrees that the debtor is not, in fact, a small business debtor. A "small business debtor" is defined as a debtor that 1) does not have more than $2,343,300 in aggregate noncontingent liquidated secured and unsecured debt; and 2) is engaged in commercial or business activities that are not primarily the owning or operating of real property. See § 101(51D)(A); see also § 101(51C). A debtor who so qualifies is required to check the appropriate box on the petition, and if so indicated by the debtor, "the status of the case as a small business case shall be in accordance with the debtor's statement under this subdivision, unless and until the court enters an order finding that the debtor's statement is incorrect." Fed. R. Bankr. P. 1020(a).

Here the debtor elected to be a small business debtor in the petition, but the accompanying schedule of debts indicated that total debts were unknown at that time. Later, the debtor timely filed amended schedules and statements indicating that its secured and unsecured debt totaled $2,649,421.73. This amount clearly exceeds the debt cap under § 101(51D). Additionally, based upon its review of the schedules on file, the Court finds the debtor's primary business is the owning and operation of real estate. The debtor clearly does not fit the definition of a small business under § 101(51D), rendering the election on the petition incorrect.

3

The issue that gave the court some pause is whether the debtor's motion to rescind the election was timely. If a debtor is designated as a small business under chapter 11, time limitations set forth in §§ 1121(e) and 1129(e) are applied in order to expedite the case. Pursuant to § 1121(e)(1), a small business debtor's plan must be filed not later than 300 days after the date of the order for relief and, after a plan is filed, § 1129(e) requires that the court confirm the plan within 45 days. These deadlines may be extended if (1) the debtor, providing notice to creditors, can show by a preponderance of the evidence that it is likely the court will confirm a plan within a reasonable time; (2) a new deadline is established at the time of extension; and (3) the order granting the extension is signed prior to the expiration of the deadline. § 1121(e)(3).

The small business debtor deadlines in §§ 1121(e) and 1129(e) are "hard" deadlines a debtor must follow or risk having its case dismissed. Once a debtor has elected to be treated as a small business debtor, regardless of whether this election was in error, the debtor is treated as such "unless and until" the court finds otherwise. Therefore, in order to avoid dismissal before consideration of a motion to rescind a small business designation, it must be shown that the debtor has complied with §§ 1121(e) and 1129(e) up to the point of seeking rescission. See In re Win Trucking Inc., 236 B.R.774, 778-82 (Bankr. D. Utah 1999). Here the debtor filed a plan of reorganization within the § 1121(e) 300-day deadline. The debtor did not have a plan confirmed within the § 1129(e) 45-day deadline, but the debtor's unopposed motions to continue were made prior to expiration of those 45-day deadlines. The court determines, after full review, that this process complied with § 1121(e)(3).

There are few cases discussing the implications of a late-in-the-game change to a small business debtor's designation as such, but the decisions that the court did find suggest that there are

other factors in addition to those deadlines that deserve consideration, such as whether the debtor made the election in error and not in bad faith, and whether creditors were prejudiced. See, e.g., In re Childs, 2010 WL 5108754 (Bankr. D. Utah) (discussing circumstances under which designation may be changed and extent to which corrected designations may be retroactive). In this case, it is evident that the debtor made the small business election in error and sought to correct it through both amendment of the petition and a timely motion to correct the designation. No party has objected to rescission of the designation and there is no apparent prejudice to any party; indeed, the primary creditor and the debtor continue to seek a basis for settlement. The parties have requested more time in which to explore this option, and if the small business election is not rescinded, the small business deadlines will force the case to be dismissed. The court concludes that the debtor's motion to rescind the small business designation is not an abuse of the system, was made in good faith, does not cause confusion or prejudice to creditors, and is within the parameters of the applicable deadlines.

The motion to rescind is **ALLOWED**.

**SO ORDERED**.

**END OF DOCUMENT**